IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MARGARET ZAVALIDROGA and
TOMAS ZAVALIDROGA,

                Plaintiffs,       Civil Action No.
                                            6:11-CV-277 (NAM/DEP)

   v.

LEE BRONISZEWSKI, *et al.*,

                Defendants.

---

APPEARANCES:

FOR PLAINTIFFS:                     OF COUNSEL:

MARGARET ZAVALIDROGA, *Pro Se*
3267 Forward Road
Blossvale, New York 13308

TOMAS ZAVALIDROGA, *Pro Se*
Rt. 28, Box 1011
General Delivery
Old Forge, New York 13420

FOR THE COUNTY DEFENDANTS :

GORMAN, WASZKIEWICZ LAW FIRM   BARTLE J. GORMAN, ESQ.
1508 Genesee Street
Utica, New York 13502-4178

FOR DEFENDANT KELLEY:

| | |
|---|---|
| OFFICE OF A. SHELDON GOULD<br>P.O. Box 11169<br>Syracuse, New York 13218 | A. SHELDON GOULD, ESQ. |

FOR DEFENDANTS FAXTON-ST.
LUKES HOSPITAL & DR. CATNEY:

| | |
|---|---|
| NAPIERSKI, VANDENBURGH<br>  LAW FIRM<br>296 Washington Avenue Extension<br>Albany, New York 12203 | SHAWN. F. BROUSSEAU, ESQ.<br>SHAWN T. NASH, ESQ. |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

Plaintiffs Margaret Zavalidroga and her son, Tomas Zavalidroga, both of whom are proceeding *pro se*, have commenced this action, pursuant to 42 U.S.C. § 1983, asserting civil rights claims against various defendants, including Lee Broniszewski, County of Oneida, Jeffrey Kelley, Faxton-St. Lukes Hospital, and Dr. Kevin Catney.[1] During the course of pretrial

---

[1] Plaintiffs filed an amended complaint on May 24, 2011. Dkt. No. 8. Defendants thereafter filed motions to dismiss the amended complaint and for judgment on the pleadings. Dkt. Nos. 18, 24, 57, 76, and 78. On March 29, 2012, Senior District Judge Norman A. Mordue issued a memorandum-decision and order granting in part and denying in part defendants' motions. Dkt. No. 88. Pursuant to that decision, the claims that remain pending in this case are as follows: (1) the non-conspiracy claims under 42 U.S.C. § 1983 against defendant Broniszewski; (2) the non-conspiracy and conspiracy claims under 42 U.S.C. § 1983 against defendant Peek; (3) the non-conspiracy and conspiracy claims under 42 U.S.C. § 1983 against defendant Oneida County in connection with the hospitalization of plaintiff Margaret Zavalidroga; (4) all claims asserted against defendant Kelley; (5) all claims asserted against defendant Faxton-St.

discovery in the action, plaintiffs failed to appear for deposition on three occasions, including one court-ordered deposition. Based upon those failures, defendants now seek dismissal of plaintiffs' complaint pursuant to Rules 41 and 37 of the Federal Rules of Civil Procedure. For the reasons set forth below, I recommend that defendants' motions be granted.

I. BACKGROUND

Plaintiffs initiated this action on March 11, 2011, and subsequently filed an amended complaint in the case on May 24, 2011. Dkt. Nos. 1, 8. Following the joinder of issue, the court conducted an in-person pretrial conference on May 16, 2013, pursuant to Rule 16 of the Federal Rules of Civil Procedure. Text Minute Entry Dated May 16, 2013. During that pretrial conference, which was attended by both of the plaintiffs, the court carefully explained the requirements for litigation, including the parties' obligations associated with pretrial discovery.[2] *Id.* After the conference was concluded a discovery order was issued reinforcing the court's instructions concerning discovery. Dkt. No. 102. That order specifically informed plaintiffs that, "[i]n

---

Luke's Hospital; and (6) all claims asserted against defendant Dr. Kevin Catney. *Id.* at 31-32. Plaintiffs filed an interlocutory appeal to the Second Circuit Court of Appeals from Judge Mordue's order on April 30, 2012. Dkt. No. 91. That appeal was ultimately dismissed for lack of jurisdiction. Dkt. No. 93.

2   Those requirements are also described in the court's *pro se* handbook, a copy of which was provided to the plaintiffs when the action was commenced. Dkt. No. 2.

addition to document demands and interrogatories, a party may also seek to take the deposition upon oral examination of another party." *Id.* at 5. In addition, also on that same date, the court issued a uniform pretrial scheduling order, in which, *inter alia*, a discovery deadline of December 31, 2013 was established.[3] Dkt. No. 101. Both of those orders were mailed to plaintiffs at the address provided by them and reflected on the court's docket sheet. Dkt. Nos. 101, 102. There is no indication in the record that the orders were returned as undeliverable. *See generally* Docket Sheet.

On November 21, 2013, defendants Lee Broniszewski, Norman Peek, and County of Oneida (the "Oneida County defendants") served the plaintiffs with an amended notice to take their depositions on December 3, 2013, at 11:00 a.m. at the Oneida County Supreme Court Law Library in Utica, New York. Dkt. No. 120-1 at 3; Dkt No. 120-9. That notice was sent by mail to the plaintiffs at the address provided by them and reflected in the court's records. *Id.* Counsel for the Oneida County defendants and Shawn F. Brousseau, Esq., an attorney representing defendants Faxton-St. Luke's and Dr. Catney (the "Faxton-St. Luke's defendants"), appeared for the scheduled deposition, accompanied by a court reporter. Dkt. No. 133-2 at 5; Dkt. No. 118-1 at 2; Dkt. No. 120-1 at 3-4. Plaintiffs, however, failed to

---

3   That discovery deadline was subsequently extended to February 28, 2014, and then again, as amended, to April 30, 2014. Dkt. Nos. 117, 122, 123.

appear for the scheduled deposition as required in the notice. *Id.*

On December 4, 2013, the court received a request from the *pro se* plaintiffs for a delay in this action and an extension of the discovery deadline. Dkt. No. 114. In response, a letter was received from counsel for the Oneida County defendants, Bartle J. Gorman, Esq., advising that his clients were joining in the request for the extension of deadlines and informing the court that plaintiffs had failed to appear for a scheduled deposition on December 3, 2013. Dkt. No. 115. As a result of those submissions, a text order was issued on December 16, 2013, extending the deadline for completion of discovery in the action to February 28, 2014. Dkt. No. 117. In that text order, I stated the following:

> In the event that plaintiffs fail to appear at a rescheduled deposition, after receiving proper notice, permission is hereby granted to the defendants to bring a motion seeking appropriate relief pursuant to Rule 37(d) of the Federal Rules of Civil Procedure.

*Id.*

On January 8, 2014, the Oneida County defendants served a second notice of deposition upon the plaintiffs, scheduling their depositions to be conducted on January 27, 2014, again to be held at the Oneida County Supreme Court Law Library. Dkt. No. 133-2 at 5; Dkt. Nos. 118-1 at 3; 120-1 at 4; *see* Dkt. No. 120-10. Once again, while Attorneys Gorman and

Brousseau appeared for the scheduled deposition, together with a court reporter, plaintiffs did not, and offered no explanation for their absence. Dkt. Nos. 118-1 at 3; 120-1 at 4.

Both the Oneida County defendants and the Faxton-St. Luke's defendants thereafter moved separately for relief based upon plaintiffs' repeated failure to appear for deposition. Dkt. Nos. 118, 120. In their motion, the Oneida County defendants requested an order compelling plaintiffs to appear for deposition and awarding monetary sanctions, if deemed appropriate. Dkt. No. 118. The Oneida County defendants acknowledged that, out of an abundance of caution and in light of their *pro se* status, plaintiffs' amended complaint should not yet be dismissed, despite plaintiffs' refusals to be deposed, because they had not been pointedly warned that dismissal could result from their failure to appear for deposition. *Id.* at 4. The Faxton-St. Luke's defendants went further, arguing that, based upon plaintiffs' failure to appear twice for deposition, as well as their other shortcomings in responding to written discovery demands, dismissal was warranted. Dkt. No. 120 at 5. Plaintiffs did not respond in opposition to the motions.

On March 17, 2014, the court issued an order compelling plaintiffs to appear for deposition at the Oneida County Supreme Court Law Library on

April 14, 2014 at 10:00 a.m. in Utica, New York, and awarding the defendants all costs, including reasonable attorney's fees. *See generally* Dkt. No. 122. In that order plaintiffs were explicitly warned that, in the event they failed to appear for the scheduled deposition without consent of defendants' counsel or advance permission from the court, I would issue a recommendation to Senior District Judge Mordue that their complaint be dismissed, with prejudice. *Id.* at 11. In light of this development, the discovery and motion filing deadlines were extended to April 30, 2014, as amended, and May 30, 2014, respectively. *Id.* at 12; Dkt. No. 123.

On March 31, 2014, in accordance with the court's March 17, 2014 order, counsel for the defendants submitted applications requesting recovery of attorney's fees and costs necessitated by plaintiffs' failure to appear for the two scheduled depositions. Dkt. Nos. 124, 126. On April 14, 2014, the court received two submissions from the *pro se* plaintiffs. Dkt. Nos. 128, 129. In the first, plaintiffs requested a court order striking "Defendants' fraudulent applications for costs and attorney fees." Dkt. No. 128. In the second, plaintiffs stated that they revoke consent to permit a magistrate judge to preside over this action in any way. Dkt. No. 129. The court subsequently denied each of plaintiffs' requests and awarded the defendants costs and attorney's fees necessitated by plaintiffs' failure to

7

appear for the two scheduled depositions. Dkt. No. 135.

On April 15, 2014, the Oneida County defendants and Faxton-St. Luke's defendants moved seeking dismissal of plaintiffs' amended complaint based upon their failure to appear for the court-ordered deposition scheduled for April 14, 2014. Dkt. Nos. 131, 133. In their motions, Attorneys Gorman and Brousseau indicate that they both appeared for the scheduled deposition on April 14, 2014, accompanied by a court reporter. Dkt. No. 131-1 at 3; Dkt. No. 133-3 at 3. In their motion, the Oneida County defendants noted that, on the morning of the scheduled deposition, Attorney Gorman received a telephone call at his office from plaintiff Margaret Zavalidroga. Dkt. No. 131-1 at 2. She informed counsel that she and her son, plaintiff Tomas Zavalidroga, were cancelling the deposition pending the appointment of a new judge. *Id*. When asked whether she understood that if she failed to appear as directed, the court would consider recommending to the district judge that the case be dismissed, plaintiff Margaret Zavalidroga apparently terminated the call. *Id*. at 2-3. Plaintiffs failed to appear for that scheduled deposition, as evidenced by a transcript submitted by counsel for the Oneida County defendants. Dkt. No. 131-1 at 9-15. Upon returning to his office, Attorney Brousseau received two voicemail messages from earlier that morning from plaintiff Margaret

Zavalidroga, advising that plaintiffs were not attending the scheduled deposition "pending the assignment of a new judge." Dkt. No. 133-2 at 6.

In response to defendants' motions to dismiss, plaintiffs contend that defendants are at fault for plaintiffs' failures to appear for the depositions because they did not consult with plaintiffs before scheduling them. *See* Dkt. No. 140 at 3 ("Without consulting the Plaintiffs, Attorney for Faxton St. Lukes Hospital and Keven Catney, Bartle Gorman, orchestrated a series of Depositions, demanding the participation of Plaintiffs as he saw fit . . . . Without confirming the participation of the Plaintiffs, said Attorneys for Defendants carelessly attended their own depositions and later made a claim for damages as a result of the Plaintiffs' absence at these meetings."). Plaintiffs also contend that they were unable to appear at the scheduled depositions due to weather conditions and their "request of a new referee in the action[.]" *Id.* at 4.

II. <u>DISCUSSION</u>

Defendants' motions implicate two separate provisions of Rule 37 of the Federal Rules of Civil Procedure. Rule 37(b)(2) provides for a range of sanctions available to a court in the event of a failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2); *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 1995). Among those available sanctions is

dismissal of an action, in whole or in part. Fed. Civ. P. Rule 37(b)(2)(A)(v); *see Linde v. Arab Bank, PLC*, 269 F.R.D. 186, 196 (E.D.N.Y. 2010) ("Such sanctions may include . . . dismissing a claim or the entire action or granting default judgment against the disobedient party[.]"). In addition, Rule 37(d) permits the court to issue appropriate sanctions based upon the failure of a party to appear for deposition after being served with a proper notice. Fed. R. Civ. P. 37(d)(1)(A); *see Dixon v. Albany Cnty. Bd. of Elections*, No. 08-CV-0502, 2010 WL 1171225, at *2 (N.D.N.Y. Feb. 18, 2010) (Homer, M.J.), *report and recommendation adopted by* 2010 WL 1171483 (N.D.N.Y. Mar. 22, 2010) (Sharpe, J.), ("Rule 37(d) authorizes the same range of sanctions [offered in Rule 37(b)] against a party for failing to attend his or her deposition.").

In this instance, plaintiffs failed to comply with the court's discovery order, which required that they submit to a deposition pursuant to a proper notice. Dkt. Nos. 101, 102. In addition to failing to appear for deposition pursuant to defendants' deposition notices, which were mailed to plaintiffs at the addresses listed in court records, plaintiffs subsequently failed to comply with a court order directing them to appear for deposition. Based upon these circumstances, Rule 37 authorizes the issuance of sanctions against the plaintiffs, which could include dismissal of their complaint.

Defendants' motions also invoke Rule 41(b) of the Federal Rules of Civil Procedure, which provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to comply with an order of the court. Fed. R. Civ. P. 41(b); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by Lowe*, M.J.). That discretion is appropriately exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Williams v. Faulkner*, No. 95-CV-0741, 1998 WL 278288, at *2 (N.D.N.Y. May 20, 1998) (Pooler, J., *adopting report and recommendation by* Scanlon, M.J.); *Moshier v. Trabout*, No. 96-CV-1666, 1998 WL 167298, at *1 (N.D.N.Y. Apr. 2, 1998) (Pooler, J. *adopting report and recommendation by* Hurd, M.J.).

A determination of whether to dismiss an action for failure to prosecute involves consideration of five specific factors, including (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Shannon v.*

*Gen. Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999); *see also Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (applying factors where a party failed to comply with order of court). I have carefully evaluated those five factors, and find that they weigh decidedly in favor of dismissal.

This case has been pending for over three years, and it is likely that memories of the events in question have faded, relevant documents have been discarded, and potential witnesses have become unavailable. *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade."). Given plaintiffs' manifest disinterest in pursuing their claims in this action, I find that the need to alleviate congestion on the court's docket outweighs their right to receive a further chance to be heard in this matter. Although plaintiffs contend that defendants are at fault for their failure to attend the scheduled depositions, Dkt. No. 140 at 3-4, the court unequivocally rejects that assertion. Moreover, for the first time in their opposition to the pending motions, plaintiffs contend that inclement weather precluded them from attending the scheduled depositions. *Id.* at 4. There is no record evidence that this is true, or that plaintiffs attempted to communicate this to defendants' counsel. Finally, addressing the claim that depositions should be deferred until a new judge is appointed to oversee the case, as the court

previously advised plaintiffs in a previous order, Dkt. No. 135, this action is not before me on consent of the parties pursuant to 28 U.S.C. § 636(c). Instead, non-dispositive matters in this action have been properly referred to me for determination. 28 U.S.C. § 636(b)(1); *see also Toro v. Depository Trust Co.*, No. 97-CV-5383, 1997 WL 752729, at *4 (S.D.N.Y. Dec. 4, 1997); *Kampfer v. Gokey*, 159 F.R.D. 370, 372 (N.D.N.Y. 1995) (Scullin, J.). The plaintiffs have no right to refuse to participate in discovery on this basis.

As required, I have considered less-drastic sanctions, but reject them. For example, I am persuaded that issuing an order reprimanding plaintiffs for their conduct would be futile given the chronicled history of non-compliance with court directives and defendants' legitimate discovery requests. In addition, in light of plaintiffs' blatant disregard of my order directing them to appear for deposition, I find that permitting them a fourth opportunity to appear for deposition would not be fruitful. In my view, plaintiffs' conduct justifies the ultimate sanction of dismissal.[4]

---

4     In their response to the pending motions, plaintiffs also contend that they are entitled to be represented by counsel, and should not be required to provide discovery without an attorney. Dkt. No. 140 at 4. Of course, plaintiffs have the choice to retain counsel to represent them in the case, which to date they have not done, or to proceed *pro se.* Despite plaintiffs' apparent beliefs to the contrary, however, because this is a civil action, the Constitution does not guarantee that counsel will be appointed to represent them in the event of a finding of indigency. *See, e.g., Castro v. Manhattan E. Suite Hotel*, 279 F. Supp. 2d 356, 357 (S.D.N.Y. 2003) ("Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel.").

III. SUMMARY AND RECOMMENDATION

Through their actions, plaintiffs have demonstrated a repeated failure to cooperate with both defendants' counsel and the court so that this action can be fairly, efficiently, and timely adjudicated on its merits. Based upon plaintiffs' failure to comply with the court's order and defendants' notice that they appear for deposition in the face of an explicit warning that their failure to cooperate would result in dismissal of the complaint, I conclude that plaintiffs' complaint should be dismissed. Accordingly, it is hereby respectfully

RECOMMENDED that defendants' motions to dismiss (Dkt. Nos. 131 and 133) be GRANTED, and that plaintiffs' amended complaint in this action be DISMISSED in its entirety as against all defendants, with prejudice, based upon their failure to prosecute and to appear for deposition in the action, as required by court order.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: May 20, 2014
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge